**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Soos, | No. CV-10-00472-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| United States Department of Justice; Attorney General Eric Holder; Federal Bureau of Prisons; Director, Federal Bureau of Prisons; Tucson Federal Correction Complex; Craig Apker, Warden, Tucson Federal Correction Complex, | |
| Defendants. | |

Sarah Soos is an employee of the Federal Bureau of Prisons ("BOP"), serving as a corrections officer at the Tucson Federal Correctional Complex ("Tucson FCC"). She claims to have been exposed to the sexual misconduct of inmates. On August 3, 2010, she filed suit against the United States Department of Justice, the Attorney General, the BOP and its Director, the Tucson FCC, and Warden Craig Apker. Doc. 1. The amended complaint asserts claims of sex discrimination and retaliation in violation of Title VII. Doc. 21.

Defendants have filed a motion to dismiss, seeking dismissal of improperly named parties and dismissal of the original complaint for insufficient service of process and failure to state a claim for relief. Doc. 7. The motion is fully briefed. Docs. 20, 23. No party has requested oral argument. For reasons stated below, the motion will be granted in part and denied in part.

**I.     Proper Defendant.**

Defendants first argue that the United States Attorney General is the sole proper Defendant in this action and the other Defendants must therefore be dismissed. Doc. 7 at 2. The Court agrees.

In a Title VII action brought by an employee of the federal government, "the proper defendant is the head of the department, agency, or unit, as appropriate." *Sommatino v. United States*, 255 F.3d 704, 707 n.1 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). The BOP is an agency within Department of Justice, and the head of that Department is the Attorney General. *See Singleton v. BOP*, No. CV-04-1526 (CPS), 2006 WL 1329712, at *1 n.1 (E.D.N.Y. May 16, 2006). Attorney General Eric Holder, in his official capacity, therefore is the only proper defendant in this Title VII action. *See id.*; *Patton v. Gonzales*, No. 05 CV 0213, 2005 WL 2789056, at *2 n.20 (W.D. La. Oct. 25, 2005). The claims asserted against the other Defendants will be dismissed. *See Baney v. Gonzales*, No. 3:06-CV-2064-L, 2007 WL 1944462, at *6 (N.D. Tex. June 27, 2007).

**II.    Service of Process.**

In order to sufficiently effect service of process in this case, Plaintiff must, by registered or certified mail, serve both the Attorney General and the United States Attorney for the District of Arizona. *See* Fed. R. Civ. P. 4(i)(1)-(2). Defendants assert that Plaintiff has failed to serve process on the Attorney General. Doc. 7 at 2-3. Plaintiff has requested an extension of time to complete service of process. Doc. 20 at 1, 4. The request is unopposed. Doc. 23.

Plaintiff filed this action more than a year and a half ago. She has had ample time to effectuate service of process. Pursuant to Rule 4(i)(4), and in the interest of justice, the Court will grant Plaintiff a brief extension of time, until **May 4, 2012**, to properly serve the Attorney General. *See* Fed. R. Civ. P. 4(i)(4)(A) (the court must allow a reasonable time to serve the Attorney General where the United States Attorney has been served). Plaintiff is advised that no further extensions will be granted absent a showing of good cause. *See* Fed. R. Civ. P. 4(m). Once service is complete, Plaintiff shall file appropriate proofs of service.

*See* Fed. R. Civ. P. 4(l)(1). The motion to dismiss will be denied with respect to the issue of service of process.

### III. Failure to State a Claim for Relief.

Defendants contend that the original complaint does not satisfy the pleading requirements of Rule 8, as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). More specifically, Defendants argue that the complaint must be dismissed because it fails to allege sufficient facts to state a claim for relief that is plausible on its face. Doc. 7 at 3-7. Given the filing of the amended complaint (Doc. 21), the motion to dismiss will be denied as moot with respect to the original complaint (Doc. 1).[1]

Defendants assert in their reply brief that the factual allegations of amended complaint are unnecessarily detailed and protracted. Doc. 23 at 3. "[I]t is well-established that 'courts will not consider arguments raised for the first time in a reply brief.'" *Vulgamore v. Tuba City Regional Healthcare Corp.*, No. CV-11-8087-PCT-DGC, 2011 WL 3555723, at *3 n.1 (D. Ariz. Aug. 11, 2011) (citations omitted). Moreover, while each factual allegation of the amended complaint is not set forth in a discretely numbered paragraph, the Court is confident that government counsel will be able to prepare an appropriate answer. Requiring Plaintiff to file a second amended complaint will only further delay resolution of the case.

Defendants further assert that the amended complaint alleges no adverse employment action or actual harm, and contains only general allegations of retaliation. Doc. 23 at 4-5. The amended complaint clearly alleges that Plaintiff was subjected to a hostile work environment, that is, being repeatedly exposed to specific acts of sexual misconduct on the

---

[1] Plaintiff erroneously asserts that she has exercised her right under Rule 15 to amend once as a matter of course. Doc. 20 at 3. In order to have exercised that right, Plaintiff was required to amend within 21 days after service of the motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B); *see Gudenavichene v. MERS, Inc.*, No. 2:12-CV-82 JCM (GWF), 2012 WL 1142868, at *1 (D. Nev. Apr. 4, 2012). Plaintiff filed the amended complaint more than three months after being served with the motion to dismiss. *See* Docs. 7, 21. Pursuant to Rule 15(a)(2), however, the Court will grant Plaintiff leave to file the amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the mandate that leave to amend shall be freely given "is to be heeded").

part of male inmates. Doc. 21 ¶ 4. The amended complaint further alleges that Plaintiff suffered retaliation, including a duty post change, after she complained about the purported sexual harassment. *Id.*

The Court finds that the amended complaint's allegations are sufficient to give the Attorney General "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 500 U.S. at 555. In short, Plaintiff has met her burden of pleading a "plausible claim for relief[.]" *Iqbal*, 556 U.S. at 679. Whether the alleged hostile work environment and retaliation rise to the level of actionable misconduct are questions to be resolved on summary judgment or at trial. The motion to dismiss will be denied with respect to the sufficiency of the Title VII claims asserted in the amended complaint.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 7) is **granted in part** and **denied in part**. The claims asserted against Defendants United States Department of Justice, Federal Bureau of Prisons, Director of the Federal Bureau of Prisons, Tucson Federal Correction Complex, and Warden Craig Apker are **dismissed**. The motion to dismiss otherwise is **denied**.

2. Plaintiff shall have until **May 4, 2012** to complete service of process. No further extensions will be granted absent a showing of good cause.

3. The Attorney General shall file an answer to the amended complaint by **May 25, 2012**.

DATED this 19th day of April, 2012.

Frank R. Zapata
Senior United States District Judge